FAnderIN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CLARITA ANDERSON, MONTRELL HARDY, ALMA LYLES, and MALCOLM THOMPSON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 07 C 1378 |
| CITY OF CHICAGO, CHICAGO POLICE OFFICERS D. SHEEHAN, Star #15016, B. YOSHIKAWA, Star #13973, and OFFICER MILLER, Star #7212, | ) ) ) ) ) | Judge Ronald Guzman Magistrate Judge Schenkier |
| Defendants. | ) | JURY DEMANDED |

## FIRST AMENDED COMPLAINT

NOW COMES the plaintiffs, CLARITA ANDERSON, MONTRELL HARDY, ALMA LYLES, and MALCOLM THOMPSON, through their attorneys, A LAW OFFICE OF CHRISTOPHER R. SMITH, Jared S. Kosoglad and Christopher R. Smith, and for their Complaint against defendants CITY OF CHICAGO, CHICAGO POLICE OFFICERS D. SHEEHAN, Star #15016, B. YOSHIKAWA, Star #13973, and OFFICER MILLER, Star #7212, state as follows:

### INTRODUCTION

1. This is a civil action seeking damages for depriving plaintiffs, while acting under color of law as Chicago Police Officials and City Officials, of rights secured by the Constitution and laws of the United States, and for related State-law claims.

1

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C., § 1983, and § 1985; the judicial code 28 U.S.C., § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C., § 1367(a). Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising out of state law.

## PARTIES

3. Plaintiffs are citizens of the United States who currently reside in Chicago, Illinois.

4. Defendants Chicago Police Officers D. Sheehan, Star #15016, B. Yoshikawa, Star #13973, and Officer Miller, Star #7212, collectively the "Officer Defendants," were, at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law. They are sued in their individual capacities.

5. Defendant City of Chicago, ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of all other defendants. At all times relevant hereto, all defendants were acting under color of the statutes, ordinances, regulations, customs and usages of the State of Illinois and the City of Chicago, and within the scope of their employment with defendant institutions.

## FACTS

6. On or about December 22, 2006, at approximately 12:45 a.m., plaintiffs Clarita Anderson, Malcolm Thompson, Montrell Hardy, and Alma Lyles left a Christmas party at the Mt.

Pisgah Missionary Baptist Church, 4600 South King Drive, Chicago, IL.

7. Alma Lyles drove her vehicle eastbound on 55th Street, Chicago, Illinois, when she noticed a marked squad car behind her flashing emergency lights.

8. After pulling over, Alma put both hands on the steering wheel and awaited the officers. The officer ordered Alma to shut off the engine via megaphone, and Alma complied.

9. A defendant officer explained that Alma had been pulled over for not displaying a city sticker. After explaining to the officer her reason for not yet having a city sticker, the officer remarked that worse people were on the street than Alma and her friends.

10. Alma saw another marked Chicago Police vehicle driving westbound on 55th Street at approximately 65 miles per hour with sirens blaring. The vehicle made a U-turn and pulled to a stop behind the first Chicago Police vehicle.

11. Alma saw an officer from the second vehicle approach her vehicle with his gun drawn.

12. The officer, with his gun drawn, knocked on the rear passenger window with his flashlight, awaking Montrell, who had been sleeping in the back seat.

13. Upon opening his eyes, Montrell stared down the barrel of this officer's weapon. Believing he was going to be shot, Montrell put his hands in the air and pleaded with the officer not to shoot.

14. The other officers, standing by during the assault on Alma, Clarita, Montrell, and Malcolm, warned the plaintiffs to keep their hands up, that the officer might shoot them, and not to make any sudden moves. Alma, Clarita, Montrell, and Malcolm already had their hands up.

3

15. An officer forcefully removed Montrell and Malcolm from the vehicle, handcuffing them together and making them face the vehicle. The officer pressed his weapon against the back of Montrell's head, causing Montrell's head to bump the vehicle's window, and cocked his weapon in preparation for firing.

16. The officer berated Montrell with racist and obscene language, calling Montrell a, "nigger," "stupid motherfucker," and other racist and obscene remarks.

17. The officer then turned to Malcolm and began to ask him questions. As a child, plaintiff Malcolm Thompson suffered slight brain damage that caused a permanent speech impediment. Because Malcolm could not answer his questions fast enough, the officer berated Malcolm with appalling remarks, calling him a, "retarded nigger," among other racially charged, offensive remarks.

18. Clarita told the officer he was wrong. The officer commanded Clarita to shut-up her mouth, that he can say whatever he wants to say.

19. Other officers and other police vehicles approached the scene. An officer began to search Alma's vehicle.

20. Eventually, officers received word that the plaintiffs had been, "cleared."

21. The plaintiffs were permitted to return to the vehicle and prepared to leave the scene, when Clarita spoke to Montrell and Malcolm, who were visibly upset.

22. Officer Sheehan turned to Clarita and asked what she said.

23. Officer Sheehan grabbed Clarita by the neck and pulled her from the vehicle, spraining a muscle in Clarita's neck. Sheehan handcuffed her.

24. Another officer asked Officer Sheehan what Clarita did or said., pleading with Officer Sheehan to let Clarita go. Officer Sheehan told the officer that the, "bitch is going to jail."

25. While standing by and watching, other officers at the scene remarked that they knew Officer Sheehan was going to put a charge on Clarita, that they knew how Officer Sheehan is. The officers did nothing.

26. Clarita asked Officer Sheehan why she was being arrested. Sheehan replied, "because you're being a bitch."

27. Officer Sheehan took Clarita's purse and demanded money.

28. At the police station, Officer Sheehan told another officer that, "this bitch is going to spend some time in lock-up."

29. Officer Miller, Star #7212, issued Alma Lyles a ticket for failure to display a city sticker.

30. Clarita Anderson was charged with disorderly conduct – breach of the peace and issued an individual signature bond on December 22, 2006.

31. On February 13, 2007, Officer Sheehan approached Clarita, told Clarita that she could tell her lawyer about what happened and that he didn't care if her charges were dismissed, implying that he had already achieved what he set out to in the first place.

32. On February 13, 2007, in the Circuit Court of Cook County, First District, the state dismissed the charge against Clarita Anderson by nolle prosequi, indicate of Clarita's innocence.

33. Defendant police officers Sheehan and Yoshikawa conspired and agreed amongst

themselves to brutally assault the plaintiffs and to falsely charge Clarita Anderson with crimes they knew she did not commit, and by agreement and in conspiracy with defendant Miller, to hide evidence of the assault and false charges. In furtherance of this conspiracy, defendant officers filled out and filed false and incomplete police reports relative to plaintiff's arrest and injuries.

34. As a direct and proximate result of the malicious actions of the coconspirators, plaintiffs were injured, including the loss of their freedom, damage to their reputation, humiliation, pain, suffering, the deprivation of their constitutional rights and their dignity, lost time, and extreme emotional distress.

35. As a proximate result of the physical and psychological torture inflicted by defendant officers, plaintiffs suffered physical injuries, acute pain and suffering, and emotional distress.

## Count I

**42 U.S.C. Section 1983 Fourth Amendment Violations — Illegal Searches and Seizures**

1-35. Plaintiffs reallege paragraphs 1 through 35 above, as if fully set forth here.

36. The searches and seizures of plaintiffs' persons, vehicle, and property as detailed above, performed willfully and wantonly by the defendants, individually and in conspiracy with each other, were in violation of plaintiffs' rights to be free of unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. Section 1983.

37. As a proximate result of the above-detailed actions of defendants, plaintiffs were injured, including the deprivation of their liberty and the taking of their property. In addition, the

violations proximately caused the plaintiffs great mental anguish and humiliation, exposed them to public scandal and disgrace, caused damage to their property, and caused them to incur various expenses, all to their damage.

WHEREFORE, pursuant to 42 U.S.C. Section 1983, Plaintiffs demand judgment against the Officer Defendants, jointly and severally, for compensatory damages against defendant officers in an amount in excess of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00), and because these defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00), plus the costs of this action and attorney's fees, and for such other and additional relief as this court deems equitable and just.

### Count II

### 42 U.S.C. Section 1983 – False Imprisonment

1-35. Plaintiffs reallege paragraphs 1 through 35 above, as if fully set forth here.

36. The actions of the Officer Defendants, described above, whereby defendants knowingly arrested and imprisoned plaintiffs without probable cause or any other justification, constituted deliberate indifference to plaintiffs' rights under the U.S. Constitution, thus violating the Fourteenth and Eighth Amendments to the United States Constitution.

37. As a direct and proximate result of these Constitutional violations, plaintiffs were caused to suffer great pain, anguish, despair, and other permanent and temporary mental suffering.

WHEREFORE, plaintiffs demand judgment against the individual defendants, jointly and

severally, for compensatory damages in an amount in excess of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00) and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00), plus attorney's fees pursuant to statute and the costs of this action, and for such other and further relief as this Court deems just, proper, and equitable.

**Count III**

**42 U.S.C. Section 1983 — Excessive Force**

1-35. Plaintiffs reallege paragraphs 1 through 35 above, as if fully set forth here.

36. The actions of the Officer Defendants constituted unreasonable, unjustifiable, and excessive force against plaintiffs Clarita Anderson, Malcolm Thompson, and Montrell Hardy, thus violating their rights under the Fourth Amendment to the United States Constitution, and 42 U.S.C., Section 1983.

37. As a proximate result of the above-detailed actions of defendants, Clarita Anderson, Malcolm Thompson, and Montrell Hardy were injured, including severe pain, physical injuries, mental suffering, anguish and humiliation, panic and anxiety attacks, and fear.

WHEREFORE, pursuant to 42 U.S.C. Section 1983, Clarita Anderson, Malcolm Thompson, and Montrell Hardy demand judgment against the individual defendants, jointly and severally, for compensatory damages against the Officer Defendants in an amount in excess of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00), and because these defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in

excess of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00), plus the costs of this action and attorney's fees, and for such other and additional relief as this court deems equitable and just.

**Count IV**

**42 U.S.C. Section 1983 – Equal Protection**

1-35. Plaintiffs reallege paragraphs 1 through 35 above, as if fully set forth here.

36. As described more fully above, the Officer Defendants, all while acting individually, jointly, and in conspiracy with each other, as well as under color of law and within the scope of their employment, denied plaintiffs equal protection of the law in violation of their constitutional rights.

37. Specifically, these defendants actively participated in, or personally caused, misconduct, in terms of abusing minority citizens in a manner calculated to harass, intimidate, injure, torture, and deprive minorities of their constitutional rights under the U.S. Constitution. Said misconduct was motivated by racial animus and constituted purposeful discrimination; it also affected minorities in a grossly disproportionate manner vis-à-vis similarly situated Caucasian individuals.

38. As a result of this violation, plaintiffs suffered injuries, including but not limited to emotional distress and a deprivation of their liberty, as is more fully alleged above.

39. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to plaintiffs' constitutional rights.

WHEREFORE, pursuant to 42 U.S.C. Section 1983, plaintiffs demand judgment against

the individual defendants, jointly and severally, for compensatory damages against the Officer Defendants in an amount in excess of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00), and because these defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00), plus the costs of this action and attorney's fees, and for such other and additional relief as this court deems equitable and just.

## Count V

### 42 U.S.C. Section 1985 – Conspiracy to Deprive Constitutional Rights

1-35. Plaintiffs reallege paragraphs 1 through 35 above, as if fully set forth here.

36. As described more fully above, each of the Defendants conspired, directly or indirectly, for the purpose of depriving Plaintiff of equal protection of the law.

37. In so doing, Defendants took actions in furtherance of this conspiracy, causing injury to plaintiffs.

38. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of plaintiffs.

WHEREFORE, pursuant to 42 U.S.C. Section 1985, plaintiffs demand judgment against the individual defendants, jointly and severally, for compensatory damages against the Officer Defendants in an amount in excess of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00), and because these defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00), plus the costs of this action and attorney's fees, and

for such other and additional relief as this court deems equitable and just.

## Count VI

## 42 U.S.C. Section 1983 – Failure to Intervene

1-35.    Plaintiffs reallege paragraphs 1 through 35 above, as if fully set forth here.

36.    In the manner described throughout this Complaint, during the constitutional violations described herein, one or more of the Officer Defendants stood by without intervening to prevent the misconduct described in this Complaint.

37.    As a result of the Defendant Officers' failure to intervene to prevent the violation of Plaintiffs' constitutional rights, plaintiffs suffered pain and injury, as well as emotional distress, and a deprivation of their liberty, as is more fully described throughout this Complaint.

38.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of plaintiffs and others.

WHEREFORE, pursuant to 42 U.S.C. Section 1985, plaintiffs demand judgment against the individual defendants, jointly and severally, for compensatory damages against the Officer Defendants in an amount in excess of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00), and because these defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00), plus the costs of this action and attorney's fees, and for such other and additional relief as this court deems equitable and just.

## Count VII

### 745 ILCS 10/9-102

1-35. Plaintiffs reallege paragraphs 1 through 35 above, as if fully set forth here.

36. Defendant City of Chicago is the employer of all police officer defendants.

37. The Officer Defendants committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE, should any of the individual officers be found liable on one or more of the claims set forth above, Plaintiffs demand that, pursuant to 745 ILCS 10/9-102, the Defendant City of Chicago be found liable for any judgment plaintiffs obtain against said defendants, as well as attorneys fees and costs awarded.

## Count VIII

### Malicious Prosecution — State Claim Against City and Officers

1-35. Plaintiffs reallege paragraphs 1 through 35 above, as if fully set forth here.

36. By the actions detailed above, and by participating in the above-described conspiracy, the individual defendants knowingly sought to and did in fact maliciously prosecute plaintiff Clarita Anderson on false charges for which they knew there was no probable cause.

37. The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of this employment.

38. As a direct and proximate result of the malicious prosecution, Clarita Anderson was

damaged, including the value of her lost liberty, attorneys' fees, lost work, exposure to public scandal and disgrace, damage to her reputation, mental and emotional suffering, humiliation, anguish, and the loss of a normal life.

WHEREFORE, Clarita Anderson demands judgment against the City and the individual defendants, jointly and severally, for compensatory damages in an amount in excess of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00), and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00), and further demand attorney's fees and the costs of this action, and for such other and further relief as this Court deems just, proper, and equitable.

**Count IX**

**Battery — State Claim Against City and Officers**

1-35. Plaintiffs reallege paragraphs 1 through 35 above, as if fully set forth here.

36. By the actions detailed above, and by participating in the above-described conspiracy, the Officer Defendants intentionally made offensive bodily contact against plaintiffs, and the Officer Defendants inflicted bodily harm to plaintiffs.

37. By the actions detailed above, and by participating in the above-described conspiracy, the individual defendants preformed the acts detailed above with the intent of inflicting physical harm to plaintiffs. Plaintiffs were physically harmed.

38. As a direct and proximate result of the battery, plaintiffs were injured, including but not limited to physical injuries, lost liberty, lost work, exposure to public scandal and disgrace,

damage to their reputation, mental and emotional suffering, humiliation, anguish, and the loss of a normal life.

39. The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of this employment.

WHEREFORE, plaintiffs demand judgment against the defendants, jointly and severally, for compensatory damages in an amount in excess of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00), and further demand judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00), and further demand attorney's fees and the costs of this action, and for such other relief as this Court deems just, proper, and equitable.

### Count X

### False Arrest — State Claim Against City and Officers

1-35. Plaintiffs reallege paragraphs 1 through 35 above, as if fully set forth here.

36. By the actions detailed above, and by participating in the above-described conspiracy, the individual defendants knowingly sought to and did in fact arrest Clarita Anderson on false charges for which they knew there was no probable cause; plaintiffs Montrell Hardy, Malcolm Thompson, and Alma Lyles were arrested without probable cause.

37. The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of

defendant City, and while acting within the scope of this employment.

38. As a direct and proximate result of the false arrest, Clarita Anderson was damaged, including the value of her lost liberty, attorneys fees, lost work, exposure to public scandal and disgrace, damage to her reputation, mental and emotional suffering, humiliation, anguish, and extreme emotional distress; plaintiffs Montrell Hardy, Malcolm Thompson, and Alma Lyles were damaged, including lost liberty, exposure to public scandal and disgrace, damage to their reputation, mental and emotional suffering, humiliation, anguish, and extreme emotional distress.

WHEREFORE, Plaintiffs demand judgment against the defendants, jointly and severally, for compensatory damages in an amount in excess of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00), and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00), and further demands attorney's fees and the costs of this action, and for such other and further relief as this Court deems just, proper, and equitable.

## Count XI

### Intentional Infliction of Emotional Distress Against City and Officers

1-35. Plaintiffs reallege paragraphs 1 through 35 above, as if fully set forth here.

36. The above-detailed conduct by the defendants was extreme and outrageous, exceeding all bounds of human decency.

37. Defendants performed the acts detailed above with the intent of inflicting severe emotional distress on plaintiffs or with knowledge of the high probability that the conduct would

cause such distress.

38. As a direct and proximate result of this conduct, plaintiffs did in fact suffer severe emotional distress, resulting in injury to their minds, bodies, and nervous systems, including loss of sleep, mental anguish, nightmares, anxiety attacks, stress disorders, phobias, and flashbacks.

39. As of the filing of this Complaint, plaintiffs continue to suffer from the above described injuries caused by the extreme and outrageous conduct of the defendants.

40. The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of this employment.

WHEREFORE, plaintiffs demand judgment against the City and the individual defendants, jointly and severally, for compensatory damages in an amount in excess of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00), and further demand judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00), and further demand attorney's fees and the costs of this action, and for such other and further relief as this Court deems just, proper, and equitable.

### Count XII

### Assault — State Claim Against City and Officers

1-35. Plaintiffs reallege paragraphs 1 through 35 above, as if fully set forth here.

36. The above-detailed conduct by defendants Sheehan and Yoshikawa, whereby these defendants drew their weapons without any cause and pointed them at plaintiffs, further whereby

defendant Sheehan cocked his weapon while it was touching the back of plaintiff Montrell Hardy's head in full view of all plaintiffs, was intended to cause the plaintiffs to suffer apprehension.

37. The plaintiffs in fact suffered such apprehension and their apprehension was reasonable.

38. The above described conduct by defendants Sheehan and Yoshikawa caused the plaintiffs to reasonably apprehend imminent bodily harm and death.

39. Defendants performed the acts detailed above with the intent of causing apprehension in the plaintiffs.

40. As a direct and proximate result of this conduct, plaintiffs suffered injury to their minds, bodies, and nervous systems, including loss of sleep, mental anguish, severe depression, nightmares, anxiety attacks, stress disorders, phobias, and flashbacks.

41. As of the filing of this Complaint, plaintiffs continue to suffer from the above described injuries caused by the defendants' conduct.

42. The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of this employment.

WHEREFORE, plaintiffs demand judgment against the City and the individual defendants, jointly and severally, for compensatory damages in an amount in excess of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00), and further demand judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of ONE

MILLION FIVE HUNDRED THOUSAND DOLLARS.

                                  Respectfully submitted,

                                  Clarita Anderson, Montrell Hardy, Malcolm Thompson, and Alma Lyles

                                  <u>/s Jared S. Kosoglad</u>
                      By:    One of their attorneys

PLAINTIFF DEMANDS TRIAL BY JURY.

Jared S. Kosoglad
Christopher R. Smith
A Law Office of Christopher R. Smith
119 North Peoria, Suite 3A
Chicago, Illinois 60607
312-432-0400

# CERTIFICATE OF SERVICE

      The undersigned attorney hereby certifies that he served this Certificate of Service and a copy of the foregoing First Amended Complaint, on the below-listed attorneys by electronic means on November 5, 2007.

| Mary McDonald | Megan McGrath | Avi Kamionski |
|---|---|---|
| 30 North LaSalle, Suite 1400 | 30 North LaSalle, Suite 1610 | 30 North LaSalle, Suite 1400 |
| Chicago, Illinois 60602 | Chicago, Illinois 60602 | Chicago, Illinois 60602 |
| Fax: 312-744-6566 | Fax: 312-744-6912 | Fax: 312-744-6566 |

                            /s Jared S. Kosoglad

                            Jared S. Kosoglad
                            Christopher R. Smith
                            A Law Office of Christopher R. Smith
                            119 North Peoria, Suite 3A
                            Chicago, Illinois 60607
                            312-432-0400